

# MUTUAL ARBITRATION AGREEMENT

ABM Industries Incorporated and its subsidiary companies (collectively, the "**Company**") and I desire to resolve fairly and quickly, any and all disputes between the parties as set forth below, including but not limited to those arising from and/or relating in any way to any aspect of my hiring, my employment and/or the severance of my employment. In consideration of the binding mutual agreement of the parties to arbitrate claims between us, the agreement by the Company to pay the "AAA Filing Fee" (as that term is defined in Paragraph B, below), and the other mutual promises and agreements set forth herein, the Company and I agree as follows:

A.   Final and binding arbitration before a single, neutral arbitrator shall be the exclusive remedy for any "Covered Claim" (as that term is hereinafter defined). A "**Covered Claim**" is any claim (except a claim that by law is non-arbitrable) that arises between me and the Company, its past, present, and future: parent(s), subsidiaries, affiliates, and/or their respective past, present, and future: officers, directors and/or employees, including but not limited to claims arising and/or relating in any way to my hiring, my employment with, and/or the severance of my employment with, the Company. This agreement applies to successor entities without the need for a formal assignment by the Company. This agreement includes any Covered Claim brought against a third-party, including but not limited to any client(s) and/or vendor(s) of the Company, and this provision can be enforced by any such third-party through a motion to compel arbitration, to the extent necessary. Covered Claims include, but are not limited to, any claim for breach of contract, for any provision of state labor code or a Wage Order, for unpaid fees, expenses, wages, or overtime, for unpaid compensation or penalties for missed meal or rest breaks, for wrongful termination, for unfair competition, for discrimination, harassment, or unlawful retaliation, for violation of the Fair Labor Standards Act, and for violation of the California Labor Code Private Attorneys General Act of 2004 (the "**PAGA**") or any applicable similar laws, to the full extent permitted by applicable law. Covered Claims do not include claims for workers' compensation, unemployment compensation benefits, disputes covered by a collective bargaining agreement, claims for unfair labor practices covered by the National Labor Relations Act, claims for employee benefits covered by the Employee Retirement Income Securities Act ("**ERISA Plan**"), or claims that are not arbitrable as a matter of law. Covered Claims also do not include any claims that are currently pending in litigation prior to the signing of this agreement. For purposes of this agreement only, "currently pending in litigation" means that a lawsuit has been filed against and served upon the Company. As to any Covered Claim, each party waives to the maximum extent permitted by law the right to jury trial and to bench trial, and the right to bring, maintain, or participate in any class, collective, or representative proceeding, including but not limited to under the PAGA or any other applicable similar laws, whether in arbitration or otherwise, to the full extent permitted by applicable law. Further, Covered Claims must be brought in the individual capacity of the party asserting the claim, and cannot be maintained on a class, collective, or representative basis, to the full extent permitted by applicable law. The arbitrator does not have the authority to consider, certify, or hear an arbitration as a class action, collective action, or any other type of representative action.

B.   Arbitration will occur in the county in the United States in which I reside at the time the claim is filed by any of the parties to this agreement reside. Arbitration will be conducted pursuant to the AAA Employment Arbitration Rules and Mediation Procedures (the "**AAA Rules**"), except as expressly set forth herein or where such rules are not in compliance with applicable state or federal law. A copy of the AAA Rules is available for review through the Company by submitting a request to the Legal Department, by contacting AAA at telephone number 888-774-6904, or at AAA's website at www.adr.com. I will not be required to pay anything to AAA as costs for the arbitration process, and the Company will pay all fees and costs of AAA and the arbitrator.

Initial _____

The Company further agrees that it will pay the initial filing fee associated with filing the demand for arbitration by me (the "**AAA Filing Fee**"). The parties shall pay their own attorneys' fees and litigation costs associated with the arbitration, except as required by applicable state or federal law. The parties agree that the arbitrator must be either a former judge or a currently-licensed attorney. To the extent that a dispute arises regarding the arbitrability of claims, jurisdiction for determining the arbitrability of claims shall lie exclusively with the Court, and not with the arbitrator, notwithstanding anything to the contrary in the AAA Rules. The arbitrator shall apply the substantive law (and the laws of remedies, if applicable) of the state in which the Covered Claims arose, or federal law, or both, as applicable to the Covered Claims, shall apply the Federal Rules of Evidence, and shall apply the Federal Rules of Civil Procedure regarding discovery. The arbitrator is without jurisdiction to apply any different substantive law or law of remedies. The arbitrator can order the same individual remedies that a judge could in a court of law, including injunctive relief, and has the authority to consider motions to dismiss and motions for summary judgment/summary adjudication. Should any party refuse or neglect to appear for, or participate in, the arbitration hearing, the arbitrator shall have the authority to decide the dispute based upon the evidence presented. If the parties cannot agree on an arbitrator, the AAA Rules will govern selection. The arbitrator's written decision shall: (i) issue within thirty (30) days of the conclusion of evidence; (ii) state the reasons to support the decision; and (iii) be based on governing law and evidence cited.

C.   This agreement is governed by and enforceable under the Federal Arbitration Act ("FAA"), the agreement shall be interpreted under the FAA, and both the Company and I agree that we are engaged in interstate commerce as part of the Company's business and my employment with the Company. This agreement can be modified only by a writing both parties sign, stating the intent to revoke or modify this agreement.

D.   Nothing in this agreement precludes me from filing a charge or from participating in an administrative investigation of a charge before an appropriate government commission, body, or agency, be it federal, state or local. Similarly, this agreement does not preclude the parties from conciliating any charge pending before an appropriate government commission, body or agency.

E.   This is the complete agreement of the parties on the subject of arbitration of claims or disputes, except for any arbitration agreement in connection with an ERISA Plan. This agreement supersedes any prior or contemporaneous oral or written understanding on the subject. No party is relying on any representations, oral or written, on the subject of the effect, enforceability or meaning of this agreement, except as specifically set forth in this agreement. If any provision of this agreement is adjudged to be void or otherwise unenforceable by a court of competent jurisdiction, in whole or in part, such adjudication shall not affect the validity of the remainder of the agreement. Notwithstanding the foregoing, if a court of competent jurisdiction holds or rules that the provision concerning the waiver of a representative and/or collective action is not enforceable as to one or more claims, only claims that the court finds can be arbitrated on an individual basis shall be arbitrable under this agreement and any remaining Covered Claims must be pursued in court. This agreement is not, and shall not be construed to create, a contract of employment, express or implied, nor does this agreement in any way alter the "at-will" status of my employment. Both the Company and I understand that we can terminate our employment relationship at any time, with or without cause, with or without notice.

**BY SIGNING THIS AGREEMENT, I KNOWINGLY AND VOLUNTARILY WAIVE FOR ANY COVERED CLAIM THE RIGHT TO CLASS, REPRESENTATIVE, AND COLLECTIVE PROCEDURES AND THE RIGHT TO TRIAL BY JURY OR JUDGE, TO THE FULL EXTENT**

Initial _____

PERMITTED BY APPLICABLE LAW. I RETAIN ALL OTHER RIGHTS, INCLUDING MY RIGHT TO COUNSEL, TO CALL AND CROSS-EXAMINE WITNESSES, AND TO HAVE MY CLAIMS ADDRESSED BY AN IMPARTIAL FACT FINDER. I ACKNOWLEDGE THAT I AM HEREBY ADVISED TO SEEK LEGAL ADVICE AS TO MY RIGHTS AND RESPONSIBILITIES UNDER THIS AGREEMENT AND HAVE AVAILED MYSELF OF THE ADVICE OF COUNSEL TO THE EXTENT I WISH TO DO SO.

I ACKNOWLEDGE THAT I HAVE CAREFULLY READ THIS AGREEMENT, AND THAT I UNDERSTAND ITS TERMS.

_____
Company Representative Signature

Vice President, Human Resources
_____
Title

September 18, 2014
_____
Date

_____
Employee Signature

_____
Employee Name

_____
Date

Initial _____



# MUTUAL ARBITRATION AGREEMENT

BY SIGNING THIS AGREEMENT, I KNOWINGLY AND VOLUNTARILY WAIVE FOR ANY COVERED CLAIM THE RIGHT TO CLASS, REPRESENTATIVE, AND COLLECTIVE PROCEDURES AND THE RIGHT TO TRIAL BY JURY OR JUDGE, TO THE FULL EXTENT PERMITTED BY APPLICABLE LAW. I RETAIN ALL OTHER RIGHTS, INCLUDING MY RIGHT TO COUNSEL, TO CALL AND CROSS-EXAMINE WITNESSES, AND TO HAVE MY CLAIMS ADDRESSED BY AN IMPARTIAL FACT FINDER. I ACKNOWLEDGE THAT I AM HEREBY ADVISED TO SEEK LEGAL ADVICE AS TO MY RIGHTS AND RESPONSIBILITIES UNDER THIS AGREEMENT AND HAVE AVAILED MYSELF OF THE ADVICE OF COUNSEL TO THE EXTENT I WISH TO DO SO.

I ACKNOWLEDGE THAT I HAVE CAREFULLY READ THIS AGREEMENT, AND THAT I UNDERSTAND ITS TERMS.

*Aurelia Mancilla*
Aurelia Mancilla

Employee Acknowledgement